**Jaljit Singh GILL, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 99–70646.

I & NS No. A70–809–836.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001.*

Decided April 30, 2001.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM **

Jalit Singh Gill, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision denying his request for asylum and for withholding of deportation. We deny the petition.

(1) The BIA's determination that Gill "was not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). To justify a reversal of the BIA's decision, Gill must show "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995).

(2) The evidence before the BIA did not compel a finding that Gill had been persecuted on account of his religion. The BIA found that Gill was not credible. There were a number of inconsistencies regarding whether Gill had actually been a practicing Sikh in India and whether he had actually suffered past persecution. Those inconsistencies went to the heart of Gill's claim, and were sufficient to support an adverse credibility finding. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152 (9th Cir.1999); *Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir.1992); *Saballo–Cortez v. INS*, 761 F.2d 1259, 1263–64 (9th Cir.1985). No other evidence suffi-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

594

ciently supported his claim. The BIA did not err.[1]

Petition DENIED.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Gill does not meet the standard for asylum, he necessarily fails to meet the standard for withholding of deportation. *Ghaly,* 58 F.3d at 1429.